# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### SOUTH BEND DIVISION

| | | |
|---|---|---|
| O'SHUN R. GRACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:05-CV-0228 AS |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

## *MEMORANDUM OPINION AND ORDER*

*Pro se* petitioner O'Shun Grace, an inmate at the Indiana State Prison, Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana demonstrates compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), and includes the relevant state record. The petitioner filed a traverse, which the court has carefully examined.

The Supreme Court of Indiana decision affirmed the petitioner's conviction in *Grace v. Sate*, 731 N.E. 2d 442 (Ind. 2000), stating that:

> We affirm Defendant's convictions and sentence except that (1) we reverse Defendant's conviction for the robbery of Eugene Davies, Jr., and (2) we reduce Defendant's two remaining robbery convictions and conspiracy to commit robbery conviction from Class A felonies to Class B felonies. We remand to the trial court with instructions to vacate the sentence for the robbery of Eugene Davies, Jr., and to impose a total executed sentence of 85 years (concurrent sentences of fully enhanced 20 years for conspiracy to commit robbery and two counts of robbery to be served consecutive to a fully enhanced 65-year term for murder).

The petitioner filed a petition for post-conviction relief, on October 3, 2003, the Court of Appeals of Indiana affirmed the denial of post-conviction relief in an opinion authored by Judge Robb and concurred in by Judges Najam and Mathias. For the immediate reference of

all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The factual findings made by the two highest courts in the State of Indiana are entitled to a rebuttable presumption of correctness under 28 U.S.C. §2254(e)(1), and the petitioner has the burden of rebutting that presumption by clear and convincing evidence.

The Attorney General of Indiana, however, has raised the question of the one-year statute of limitations under 28 U.S.C. §2244(d)(1). So before reaching the merits, the court must consider whether the petition is timely. *See Artuz v. Bennett*, 531 U.S. 4 (2000).

On February 24, 1998, the jury found the petitioner guilty of two counts of murder, conspiracy to commit robbery, and three counts of robbery. On March 20, 1998, the trial court merged the second murder conviction into the first, and sentenced the petitioner. The Indiana Supreme Court affirmed the petitioner's conviction on June 30, 2000, and denied rehearing on October 3, 2000. The petitioner's conviction was final on or about January 2, 2001,[1] when the time expired for the petitioner to seek review by the United States Supreme Court.

The Statute of Limitations is tolled for the period during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. §2244(d)(2); *Artuz v. Bennett*, 531 U.S. at 5. The tolling provision, however, does not salvage the timeliness of this petition. The petitioner filed for post-conviction relief in the state trial court on August 10, 2001. Before that petition was filed, he had accumulated 220 days of delay. After the petition was denied and

---

[1] The conviction would normally have become final on January 1, 2001, but as that was a legal holiday, the court construes the date the conviction became final as January 2, 2001.

2

affirmed on appeal, the petitioner accumulated another 162 days of delay which totaled 382 days, which placed him over the statute of limitations. S*ee Pace v. DiGuglielmo* , 125 S.Ct. 1807 (2005).

The petitioner does not assert that he was unable to raise the claims set forth in his petition because of any impediment created by the state, nor does the record support a finding that the petitioner's federal claims are based on new law made retroactively applicable to cases on collateral review or on facts that could not have been discovered with the exercise of due dilligence. Accordingly, given the decision in *Pace*, the petition here is untimely

For the foregoing reasons, the court **DISMISSES** this complaint. The court **DENIES** the petitioner's motion to amend or correct his petition for writ of habeas corpus (docket #21) as moot.

**IT IS SO ORDERED**.

**DATED:** June 20, 2006

          **S/ ALLEN SHARP**
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**