UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| O'SHUN GRACE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-228-AS |
| | ) | |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

On July 19, 2006, Mr. Grace filed a Notice of Appeal and a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Grace's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Grace's conviction became final on January 2, 2001 when the time to file an appeal to the United States Supreme Court expired.. Mr. Grace had until

January 3, 2002, within which to file a federal habeas petition or a state court petition for post conviction relief. 28 U.S.C. § 2244(d)(2); *Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002). Mr. Grace did file a petition for post conviction relief on August 10, 2001. He accumulated 220 days of delay before he filed the post conviction petition, and 162 days of delay after those proceedings concluded, for a total of 382 days of delay. Mr. Grace does not assert any impediment for the delay. Accordingly, his petition is untimely.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

SO ORDERED.
ENTERED: September 8, 2006

                                             S/ ALLEN SHARP
                                             ALLEN SHARP, JUDGE
                                             UNITED STATES DISTRICT COURT